# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 25-0293V

|  |  |
|---|---|
| HEATHER MACDOUGALL,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: March 17, 2026 |

*Daniel Alholm, Alholm Law PC, Chicago, IL, for Petitioner.*

*Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On February 19, 2025, Heather MacDougall filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table as the result of a human papillomavirus ("HPV") vaccination received on July 3, 2024. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 4, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation. On March 13, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded a total of $43,038.67, consisting of $43,000.00, in pain and suffering and $38.67 in past unreimbursable expenses. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $43,038.67 (consisting of $43,000.00, in pain and suffering and $38.67 in past unreimbursable expenses)**, **to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| HEATHER MACDOUGALL,<br><br>       Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>       Respondent. | No. 25-293V<br>Chief Special Master Corcoran<br>ECF |

## PROFFER ON AWARD OF COMPENSATION[1]

On February 19, 2025, Heather MacDougall ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended, alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of a human papillomavirus ("HPV") vaccine administered on July 3, 2024. Petition at 1 (ECF No. 1). On December 2, 2025, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury. ECF No. 26. On December 4, 2025, the Chief Special Master issued a Ruling on Entitlement finding that petitioner is entitled to vaccine compensation. ECF No. 27.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

## I.    Items of Compensation

Based on the evidence of record, respondent proffers that petitioner should be awarded the following:

### A.    Pain and Suffering

Respondent proffers that petitioner should be awarded **$43,0000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

### B.    Past Unreimbursed Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$38.67.**  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    Form of the Award/Recommended Payment

The parties recommend that the compensation provided to petitioner should be made through one lump sum payment as described below and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

> A lump sum payment of **$43,038.67** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Heather MacDougall.

Petitioner is a competent adult.  Proof of guardianship is not required in this case.

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

SARAH C. DUNCAN
Senior Trial Attorney
Torts Branch, Civil Division

*/s/ Debra A. Filteau Begley*
DEBRA A. FILTEAU BEGLEY
Senior Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 616-4181

Dated: <u>March 13, 2026</u>                              debra.begley@usdoj.gov

3

**<u>CERTIFICATE OF SERVICE</u>**

I certify that today, March 13, 2026, a copy of the foregoing pleading was served by electronic mail to Daniel Alhom, Esq. at dan@sirvainjury.com.

s/ Debra A. Filteau Begley  
DEBRA A. FILTEAU BEGLEY  
Senior Trial Attorney  
Torts Branch, Civil Division  
U.S. Department of Justice  
P.O. Box 146 Benjamin Franklin Station  
Washington, D.C.  20044-0146  
Tel: (202) 616-4181  

Dated: <u>March 13, 2026</u>          Debra.Begley@usdoj.gov

4